Darling *v.* Miller.

———— ◆ ◆ ————

DARLING and others *vs.* ISAAC MILLER.

Although a letter, written by a third person to the plaintiffs, is not competent as proof of the truth of the facts stated in it, yet it is admissible to show under what cover its contents reached the plaintiffs; precisely as an envel- ope would be admissible as having contained a certain letter. CLERKE, P. J., dissented.

THIS action was brought to recover the proceeds of a draft, dated 16th March, 1861, made by John C. Miller on the plaintiffs, accepted by them, payable at two months, to the order of and indorsed by the defendant, discounted

by a bank in Rochester, and which proceeds the complaint alleges the defendant wrongfully appropriated and converted to his own use. The defendant put in an answer in which he admits the making of the draft, his indorsement of the same for the accommodation of the drawers and drawees, the procurement by John C. Miller of the same to be discounted, and alleges the appropriation of the proceeds by John C. Miller to his own use, and denies all other material allegations in the complaint.

The cause was tried at the New York circuit, before a justice of this court and a jury. Leander Darling, one of the plaintiffs, was examined as a witness in their behalf, and testified: "I received the draft for $1952.49, (marked No. 1,) by mail." The witness was here shown a paper, and testified: "This paper last shown me is the letter in which the draft came to us." This was a letter signed by the defendant, dated Clyde, March 25, 1861, and addressed to the plaintiffs. The plaintiffs' counsel offered the letter in evidence, to which evidence the defendant's counsel objected, on the grounds:

"*First.* The letter is hearsay; the statements contained in it are the declarations, merely, of a person not a party to the action, and his declarations are not competent proof of the facts stated in the letter.

*Second.* The statements contained in the letter offered, that the accompanying draft was the avails of a $2000 draft, are incompetent and improper evidence to disprove the fact that the $1952.49 was, in fact, part of the avails of the $3000 draft in question."

The court overruled the objections so made, and allowed the plaintiffs to read said letter in evidence; and to each of the said rulings the defendant's counsel excepted; and said letter was thereupon received by the court and read as evidence. The other facts sufficiently appear in the dissenting opinion of CLERKE, P. J.

Darling *v.* Miller.

*H. B. Stanton,* for the plaintiffs.

*Thomas Nelson,* for the defendant.

CARDOZO, J. I think the letter was competent, not as proof of the truth of the facts stated in it, but to show under what cover its contents reached the plaintiffs—precisely as an envelope would be admissible as having contained a certain letter.

I think the judgment should be affirmed.

GEO. G. BARNARD, J., concurred.

CLERKE, P. J., (dissenting.) The only question worthy of deliberation is that raised by the exception of the defendant's counsel, found at folio 98 of the case. The action was brought to recover the proceeds of a draft made by John C. Miller on the plaintiffs, to the order of the defendant, accepted by them, and indorsed by the defendant. The complaint alleges that the draft was discounted for the plaintiffs by a bank in Rochester, and that the proceeds ($3000) were wrongfully appropriated, and converted to his own use, by the defendant. The defendant admits the making and acceptance, indorsement and discounting of the draft; but denies the appropriation of the proceeds, by him, and alleges that the same were appropriated by John C. Miller, for whose accommodation, as well as for that of the plaintiffs, the draft was indorsed by him.

The defendant's counsel endeavored to prove, at the trial, that the plaintiffs had in fact received the proceeds of the draft in question, $2952.29, (the proceeds after deducting discount,) by two drafts drawn by the cashier of the Rochester Bank on the Metropolitan Bank of New York, and indorsed by John C. Miller; one for $1000, the other for $1952.49. The plaintiffs' counsel, for the

purpose of disputing the allegation that these drafts were received by them as the proceeds of the $3000 draft, offered a letter written by John C. Miller, from which it appeared that the draft for $1952.49 consisted of the proceeds of a draft for $2000, made on a different occasion.

The plaintiffs had a right, of course, to disprove the allegation that the draft for $1952.49 was a part of the proceeds of the $3000, by showing that it consisted of the proceeds of a totally different draft. But could he show this by the unsworn oral declaration of John C. Miller? Certainly not. Does the unsworn written declaration to the same effect make the evidence any better? It was not shown that the defendant authorized John C. Miller to make the declaration, or that he afterwards admitted it to be true.

It could not be pretended that this hearsay evidence was a part of the *res gestæ*. It was not a part of the transaction which was the subject of inquiry. It did not characterize a particular act, or the intention of the person who did the act; but the letter was produced for the purpose of showing that after the alleged appropriation of the proceeds of the $3000 draft, by the defendant, the plaintiff had received no portion of it. This could not be done by the unsworn declaration of John C. Miller, oral or written. The best and only way in which that could be done was by producing and swearing John C. Miller as a witness.

The introduction of this illegal evidence was calculated to influence the jury adversely against the defendant, and, consequently, affected his substantial rights.

For this reason the judgment should be reversed, and a new trial ordered; costs to abide the event.

Judgment affirmed.

[New York General Term, June 7, 1869. *Clerke, Cardozo* and *Geo. G. Barnard,* Justices.]